# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LEIGH J. BECHTLE

**DEFENDANTS**
COUNTY OF DELAWARE

(b) County of Residence of First Listed Plaintiff: DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)* 267.513.1942
Marc E. Weinstein, Esq. WEINSTEIN LAW FIRM, LLC
500 Office Center Dr., # 400 Fort Washington, PA 19034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101
Brief description of cause:
Disability Discrimination and Age Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Nov 19, 2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Marc E. Weinstein, Esq.   267-513-1942   marc@meweinsteinlaw.com

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____520 North Lemon Street    Media, PA 19063_____

Address of Defendant: _____220 North Jackson Street    Media, PA 19063_____

Place of Accident, Incident or Transaction: _____Delaware County, Pennsylvania_____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/19/2020__     /s/ Marc E. Weinstein     __79474__
                         *Must sign here*
             *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc E. Weinstein__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __11/19/2020__     /s/ Marc E. Weinstein     __79474__
                         *Sign here if applicable*
             *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEIGH J. BECHTLE** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO._____ |
| | : | |
| **COUNTY OF DELAWARE** | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Leigh J. Bechtle, by and through counsel, hereby complains as follows against Defendant County of Delaware:

### I.   Introduction

1. Leigh J. Bechtle has been a trial attorney for more than 40 years. In 2014 he joined the Delaware County Public Defender office as an assistant public defender. He suffered a debilitating stroke shortly thereafter. Months later, he courageously returned to his job and battled through the enduring effects of the stroke. He continued to represent the indigent skillfully and faithfully, all the while overcoming his impairments to do so. In 2020, however, a new office Director was hired who had little tolerance for old, disabled attorneys. Plaintiff was discharged in August 2020, for purported reasons that defy credibility. Accordingly, Plaintiff has initiated the instant action to redress violations of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. ("Rehab Act"), the Americans with

Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) ("ADEA").

## II.     Parties

2.      Plaintiff is an adult male and citizen of the United States.  He resides in Delaware County, Pennsylvania.

3.      Defendant Delaware County ("County") is one of the Commonwealth of Pennsylvania's 67 counties.

4.      The County is governed by a five-member County Council.  Members of County Council are elected on an at-large basis to four year terms at staggered two year intervals when municipal elections are held, which occur in odd numbered years.

5.      In accordance with the Constitution of the Commonwealth of Pennsylvania, the County appoints a Public Defender.

6.      The Public Defender's Office ("PDO"), according to the County's website, provides legal assistance to persons who are accused of criminal offenses by the Commonwealth of Pennsylvania and who cannot afford the expense of presenting a defense to the charges against them.  The PDO employs a team of attorneys which is supported by various paralegals, investigators, and other staff.

7.      The PDO represents several thousand clients each year who are charged with crimes ranging from retail theft offenses to homicide in the District Justice Courts, the Court of

Common Pleas and the Appellate Courts of Pennsylvania. In addition, the PDO represents young people who appear in the Juvenile Court, and clients charged with contempt in Family Court.

8. The PDO has been run, at all times relevant to this case, by Christopher Welsh. Welsh holds the position of Director.

9. At all times relevant herein, the County acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for the County at all times relevant herein. The County is therefore fully responsible for the illegal acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

### III.     **Jurisdiction and Venue**

10. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil

rights.

12. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is subject to personal jurisdiction in the Eastern District of Pennsylvania.

**IV.     Procedural and Administrative Requirements**

13. Plaintiff has exhausted the procedural and administrative requirements for proceeding under the ADA and ADEA. In particular:

   a. On or about September 1, 2020, Plaintiff filed a timely written Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. 530-2020-05462;

   b. On or about September 2, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff on the aforesaid Charge;

   c. The instant action is timely because it has been initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff fully exhausted his administrative remedies.

**V.     Factual Background**

14. Plaintiff's date of birth is October 6, 1949.

15.	Plaintiff is an attorney licensed in the Commonwealth of Pennsylvania.

16.	Prior to his admittance to the Bar in 1979, Plaintiff served in the United States Navy on active duty. Thereafter he graduated cum laude from Ohio University and earned his law degree from Widener University School of Law.

17.	For the next 35 years, his practice was devoted to defense litigation and trial work.

18.	During those years, Plaintiff provided seminars and speeches to various associations and agencies around the country, including AIG staff attorneys, the Pennsylvania Housing Finance Agency, the Pennsylvania Chiropractic Association and the Pennsylvania Bar Institute. He also served as a faculty member of the Intensive Trial Advocacy Program at the Widener School of Law.

19.	At the age of 65, Plaintiff opted to serve in the public sector. He became a full-time assistant public defender with the PDO upon being hired in or about August 2014.

20.	A few weeks after Plaintiff began his duties he suffered a stroke.

21.	Plaintiff spent six weeks in Bryn Mawr Rehab Hospital where he received physical therapy, occupational therapy and speech therapy to regain the use of the left side of his body.

22.	Aside from enduring, significant impairments in using the left side of his body, the stroke has impaired his speech due to partially paralyzed vocal cords.

23.	Notwithstanding these multiple, significant impairments, Plaintiff successfully handled courtroom duties for the PDO's Juvenile unit.

24.     In February 2020, allegedly due to a complaint from one or more judges who said he could not understand Plaintiff, Plaintiff was abruptly transferred into the Appeals unit. There was no effort to accommodate Plaintiff or utilize technology so that the complaining judges could understand him.

25.     After the COVID-19 related office shutdown, the new Director - Christopher Welsh - fired Plaintiff on or about August 17, 2020 for fabricated reasons. Welsh told Plaintiff that two memoranda he had recently completed were "bad, and below the standards he was hired to uphold."

26.     Prior to his abrupt dismissal, Plaintiff had no prior warnings, disciplines or corrective actions.

27.     Prior to his abrupt dismissal, his Appeals unit supervisor issue no concerns or criticisms of Plaintiff's work, or of the memoranda he prepared.

28.     Prior to his abrupt dismissal for purportedly poorly drafting two memoranda, Plaintiff's career had featured published writings. He had written a CLE course which was published and sold. He wrote a 60 page medical-legal article published by Andrews Publication in Wayne, PA. In fact, he had just recently written an expert report in a legal malpractice action.

29.     Prior to discharging Plaintiff, Welsh had expressed disdain for older attorneys in the office. During his short tenure, Welsh has also terminated the employment of other older attorneys for no apparent or legitimate reason.

## COUNT ONE
## VIOLATIONS OF THE REHAB ACT
## DISABILITY DISCRIMINATION

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Because the County is a recipient of Federal funds, the County is subject to the provisions of the Rehabilitation Act pursuant to 29 U.S.C. § 794(b)(1).

32. Plaintiff is a "qualified individual with a disability" as that term is defined in the Rehab Act because at all relevant times he had a physical impairment that substantially limited him in one or more major life activities, and/or he had a record of such an impairment. Further, Plaintiff was able to perform the essential components of his job with or without a reasonable accommodation.

33. In discharging Plaintiff because of his disability or perceived disability, the County knowingly, purposefully and deliberately violated Plaintiff's rights under the Rehab Act.

34. As a result of the County's unlawful discrimination, Plaintiff has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT TWO
## VIOLATIONS OF THE ADA
## DISABILITY DISCRIMINATION

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. At all relevant times Defendant has had at least 15 employees and is capable of being

sued under the ADA and is subject to the jurisdiction of this court under that statute.

37. Plaintiff is a qualified individual with disability as defined by the ADA.

38. Defendant's actions as aforesaid constitute violations of the ADA.

39. In committing the aforenoted violations, Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected rights to be free from employment discrimination based on a disability or perceived disability.

40. As a result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses

## COUNT THREE
## VIOLATIONS OF THE ADEA
## UNLAWFUL AGE DISCRIMINATION

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. In the manner set forth above and in violation of the ADEA, the County has engaged in knowing, willful, purposeful and unlawful discrimination by terminating Plaintiff's employment on account of his age.

43. As a result of the age discrimination inflicted by Defendant, Plaintiff has suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost training, and lost experience.

**WHEREFORE**, Plaintiff requests the relief set forth below:

A. The County shall be enjoined from maintaining its illegal policy, practice, or custom of discriminating against employees based on their disability or perceived disability, and/or age, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. The County shall compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the time the County terminated Plaintiff's employment;

C. The County shall pay Plaintiff compensatory damages for the pain, suffering, mental anguish and humiliation caused it has caused to Plaintiff by its illegal actions as permitted the Rehab Act and ADA;

D. Because the County willfully violated Plaintiff's rights under the ADEA, the County shall pay liquidated damages to Plaintiff pursuant to section 626(b) of the ADEA;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

G.     This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant.

**REQUEST FOR JURY TRIAL**

Plaintiff hereby makes his request for a jury trial for all claims raised in this action.

Respectfully submitted,

**WEINSTEIN LAW FIRM, LLC**

By:     /s/ Marc E. Weinstein
Marc E. Weinstein, Esquire
500 Office Center Drive, Suite 400
Fort Washington, PA 19034
267.513.1942
marc@meweinsteinlaw.com
Counsel to Plaintiff
PA Atty No. 79474

Dated:     November 19, 2020